IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM R. GARRETT,

Plaintiff,

v.

JULIE SCHUMER, et. al.

Defendants.

No. C 11-4710 SBA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. 1983 against his attorneys from the Sixth District Appellate Program. Plaintiff has been granted leave to proceed in forma pauperis (IFP).

In the present case, Plaintiff is suing three attorneys from the Sixth District Appellate Program, who provided representation for him on direct appeal. (Compl. at 4.) Plaintiff claims he is challenging his appellate attorneys' "actions on direct appeal." (Id.) Plaintiff seeks injunctive relief, essentially in the form of "admission that their errors denied [his] right to a meaningful appellate review . . . ." (Id. at 7.).

## DISCUSSION

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

1  (2) that the alleged violation was committed by a person acting under the color of state law. West v.
2  Atkins, 487 U.S. 42, 48 (1988).

3  **II.    Legal Claim**

4      Plaintiff's claim against his appellate attorneys must fail because one cannot sue his lawyer
5  for allegedly ineffective assistance or malpractice in a § 1983 action. An attorney performing a
6  lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under
7  color of state law, as a person must to be liable under § 1983. See Polk County v. Dodson, 454 U.S.
8  312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's
9  traditional functions as counsel to a defendant in a criminal proceeding); Franklin v. Oregon, 662
10 F.2d 1337, 1345 (9th Cir. 1981). The allegations of the complaint concern alleged deficiencies in
11 Plaintiff's appellate attorneys' representation during his criminal appeals. They thus fall squarely
12 within the scope of work that Polk County has determined is not actionable under § 1983.
13 Accordingly, this claim is DISMISSED for failure to state a claim upon which relief may be granted.
14 28 U.S.C. § 1915A(b).

**CONCLUSION**

16     For the reasons set out above, this action is DISMISSED. The Court has rendered its final
17 decision on this matter; therefore, this Order TERMINATES Plaintiff's case.
18     The Clerk of the Court shall terminate all pending motions as moot and close the file.
19 Further, the Court certifies that any appeal from this dismissal would not be taken "in good faith"
20 pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962);
21 Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP
22 on appeal only if appeal would not be frivolous).
23     IT IS SO ORDERED.

24 DATED:   5/18/12
                                                                    SAUNDRA BROWN ARMSTRONG
                                                                    United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R GARRETT,<br><br>        Plaintiff,<br><br>  v.<br><br>JULIE SCHUMER et al,<br><br>        Defendant. | Case Number: CV11-04710 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William R. Garrett V-30110
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: May 23, 2012

                                        Richard W. Wieking, Clerk
                                        By: Lisa Clark, Deputy Clerk